RANDOLPH A. L. CODMAN & al. *versus* ALVIN ARMSTRONG.

In an action by two counsellors and attorneys, as partners, they cannot change the appropriation of money paid to them after the partnership existed, and credited at the time on the partnership account, after the lapse of years, to an appropriation to the payment of a prior claim of one of the partners, rendered in the same suit.

When a case comes before the Court, on exceptions to the rulings or instructions of the Judge presiding at the trial, the Court must consider them to be correctly presented by the bill of exceptions; and must give effect to the plain and obvious meaning of the language used.

The law having been stated to the jury for their guidance, they may in all cases judge of the reasonableness of charges made in an account. When there is proof of an agreed price or compensation, or of an usage which might affect it, or from which an agreement might be inferred, it would not be correct to authorize them to judge of the reasonableness of the charges, irrespective of such agreement or usage.

When a usage, which may affect the rights of the parties, is presented by the testimony, it becomes the duty of the Court to determine whether, if proved to the satisfaction of the jury, it be reasonable and operative.

THIS was an action on account annexed, with the usual money counts. The general issue was pleaded.

The exceptions state, that, on the trial, it became necessary to prove, on the part of the plaintiffs, an usage and rule of the bar, for the County of Cumberland, for attorneys to charge in addition to their usual term and arguing fees, the bill of costs, for travel, attendance, &c, exclusive of the witnesses' fees and other disbursements made by the party, to their client, when they prevailed, and to give credit for the same, when collected by, or paid to, them; and the defendant's counsel proposed to submit the reasonableness of this usage and rule to the jury, to which the plaintiffs objected. WHITMAN C. J. presiding at the trial, overruled the objection, and permitted the defendant to introduce evidence on this point, and to argue it to the jury. The three first items in the account annexed, amounting to

$12,00, and also the costs for travel and attendance, taxed at Oct. term, 1836, and March and June terms, 1837, amounting to $19,05, accrued to R. A. L. Codman, one of the plaintiffs, before he entered into co-partnership with Edward Fox, the other plaintiff; and the defendant contended that these items should be stricken from the plaintiffs' account, and the Judge so ruled; whereupon the plaintiffs requested the Judge to rule that an item of credit of $27,24, appearing on the account annexed, which it was proved was cash paid to said Codman, for costs which the plaintiff, in the original suit, Savage Manufacturing Company against the defendant, at Oct. term, 1837, had to pay, as costs for that term, in order to obtain a continuance of their action to March term, 1838, should be allowed in offset of said Codman's individual charges for the terms previous to the co-partnership of the plaintiffs, the defendant being then indebted to the plaintiffs in the sum of $10,82 only. There was no evidence that the defendant had ever given any directions to either of the plaintiffs, whether said sum should be credited to the account of said Codman or to the account of the plaintiffs. But the Judge ruled, that said charges should be stricken from the plaintiffs' account, but that said credit should be allowed the defendant, toward the plaintiffs' demand against him. The existence of the usage and rule aforesaid from the earliest practice of the oldest members of the Cumberland bar, was fully proved at the trial, by the testimony of several members of the Cumberland bar, by the records of said bar, and by the printed rules of the Cumberland bar, containing the rule in question, one of which, it was proved, was posted up conspicuously in the office of the said Codman and the plaintiffs, long before and after the commencement and final determination and during the pendency of the action for services and fees, in which the plaintiffs' present action was commenced.

The Judge instructed the jury among other things, that whether such usage and rule were reasonable or not, the jury must judge, from the evidence and circumstances of the case, as they were in all cases, the judges of the reasonableness of

charges made in an account; that it was for the jury to judge, whether the defendant had knowledge of this usage and rule, or otherwise he would not be bound by it; that the claim set up was to him something of a novelty; that if the charges were an ample remuneration for the plaintiffs' services, the jury would judge whether the plaintiffs were entitled to the taxable costs; but that the jury would judge from all the evidence and circumstances of the case, as to the reasonableness of the plaintiffs' claim, as it respected a reasonable compensation for their services; that as to the defendant's having notice of the usage and rule set up, the jury would judge, whether, from the facts proved, that this rule was conspicuously posted up in the plaintiffs' office, and that defendant, was in their office from time to time during the pendency of his case, they would feel at liberty to infer, that defendant had knowledge of said rule, and would judge whether, if they went into a lawyer's office they would be likely to be looking round to see what was posted up on the walls. The Judge also instructed the jury that if they found the usage and rule reasonable, the plaintiffs could not recover the costs of Oct. term, 1836, March and June terms, 1837, amounting to $19,05, and which were included in the plaintiffs' charge of $84,10; and that the plaintiffs were not at liberty to strike the same item from their credit of $181, although included therein.

The jury returned a verdict for defendant, and thereupon the plaintiffs excepted to the rulings and instructions of the presiding Judge.

No copy of the bill of costs, or of any paper referred to in the exceptions, came into the hands of the reporter.

*Deblois* and *Codman*, for the plaintiffs, argued in support of these points :—

1. The instruction by the presiding Judge, that the jury were to decide as to the reasonableness of the usage proved, was erroneous. Whether the usage does, or does not exist, as matter of fact, is for the decision of the jury. But whether the usage is reasonable or not, is for the decision of the Court. *Bodfish* v. *Fox*, 23 Maine R. 90.

2. The ruling, as to striking out the charges without also striking out the credit, was erroneous. 1 Pick. 332; 10 Pick. 129; 20 Pick. 339; 14 East, 239; 2 Esp. R. 666.

3. The remark of the Judge, " that the claim set up was to him something of a novelty," was calculated to prejudice the plaintiffs, and to throw an improper discredit upon the claim. Such remarks afford sufficient cause for setting aside the verdict. 15 Mass. R. 367. Of the same character was the remark of the Judge respecting the notice posted up in the office of the plaintiffs.

*S. May* argued for the defendant, contending among other things : —

That the plaintiffs, having made specific charges for all their services, can recover no more. If they can recover more than they charge, it must be entirely on the ground of usage.

The usage set up is an unreasonable one. Whether the question was for the decision of the Court or jury, it is enough that it was decided rightly. 6 Metc. 393; 10 Mass. R. 26; 14 Mass. R. 488 ; 2 Sumn. 568.

This usage, if binding under any circumstances, could have no effect here, because there was no evidence whatever, that the defendant had any knowledge of it. It could be no part of the contract, when the defendant did not know of its existence. 23 Maine R. 90; 3 Greenl. 276.

But in truth and in fact, no such instructions were ever given. The reasonableness of the charges, not the reasonableness of the usage, was submitted to the jury.

The counsel for the defendant, contended also, that it was apparent upon the papers, that after making the deductions required by law, from the plaintiffs' account, the balance was against them, even allowing their own principles in all other respects to prevail.

If the plaintiffs had a right to appropriate the money paid to the separate account of Mr. Codman, they did not exercise it; and after the lapse of so many years, they cannot change the appropriation to the payment of the partnership account, once made to the separate account of the senior partner. Chitty on Con. 281 ; 25 Maine R. 29 ; 9 Wheat. 720.

Codman *v.* Armstrong.

The opinion of the Court, WELLS J. having been of counsel for the defendant, and taking no part in the decision, and WHITMÁN C. J. dissenting, was drawn up by

SHEPLEY J. — The plaintiffs as counsellors and attorneys were employed by the defendant in the defence of a suit against him, prosecuted by the Savage Manufacturing Company. The defendant prevailed in that suit. This suit has been commenced to recover a balance alleged to be due to the plaintiffs, who have in addition to the usual fees, charged the items for travel and attendance, taxed for the defendant in the bill of costs, which he recovered against that company.

It is admitted, that these plaintiffs cannot recover for the items of charge, which accrued to Codman before he became a partner of Fox unless they can be considered to have paid Codman for those services. There is no item of charge in their account for money paid to him ; no proof is presented, that any thing has been paid to him ; and no proof, that the defendant has or would have assented to any such payment. Neither the account as presented, nor the proof exhibited, would authorize a recovery for those items.

The sum of $27,24, paid by the company to Codman, was for costs accruing to the defendant at the term of the Court holden in the month of October, 1837, after the plaintiffs had become partners, and while they were acting as attorneys for the defendant. It is immaterial to which partner a payment is made. A payment made to either partner is a payment to the partnership, if made with reference to business within the scope of the partnership, as this appears to have been. It might have been competent for Codman, by virtue of his previous employment, to have appropriated so much of it to his own use as would have paid his previous charges made on account of the same suit. This he does not appear to have done. On the contrary it appears to have been credited to the defendant by the partnership. That appropriation after the lapse of ten years could not be changed since the commencement of the suit. The instructions and directions upon this point were correct.

Codman *v.* Armstrong.

The plaintiffs claimed to recover for the items taxed in the bill of costs according to a usage alleged to exist in the county of Cumberland authorizing such charges.

The bill of exceptions states, that " the defendant's counsel proposed to submit the reasonableness of this usage and rule to the jury, to which the plaintiffs objected, but the Judge overruled the objection, and permitted the defendant to introduce evidence on this point, and to argue it to the jury." The counsel for the defendant insists, that he did not offer any such testimony; that none was in fact introduced; and that he did not propose to introduce any; and that the exceptions must have been inadvertently allowed. That the instructions and rulings on this point should receive a construction in conformity, to what he alleges, that they were, contending that they only submitted the reasonableness of the charges and of the compensation to the consideration of the jury. The Court must consider them to be correctly presented by the bill of exceptions; and must give effect to the plain and obvious meaning of the language used. Being thus considered, much of the language used might properly receive such a construction. There is however a portion of it, which will not admit it. In addition to that already noticed, it is stated, that " the Judge instructed the jury among other things, that whether such usage and rule were reasonable or not, the jury must judge from the evidence and circumstances of the case, as they were in all cases the judges of the reasonableness of charges made in an account." The effect of the latter clause is only to assign the reason for authorizing the jury to judge " whether such usage and rule were reasonable or not." It did not withdraw the consideration and decision of its reasonableness from the jury. The law having been stated to the jury for their guidance, they may in all cases judge of the reasonableness of charges made in an account. When there is proof of an agreed price or compensation, or of an usage which might affect it, or from which an agreement might be inferred, it would not be correct to authorize them to judge of the reasonableness of charges irrespective of such usage or

agreement.  When a usage, which may affect the rights of the parties, is presented by the testimony, it becomes the duty of the Court to determine, whether, if proved to the satisfaction of the jury, it be reasonable and operative.  *Bodfish* v. *Fox*, 23 Maine R. 90.

In such case the counsel for the defendant insists, that the verdict for the defendant should not be disturbed, because, as he alleges, it appears, that the plaintiffs not being entitled to recover for the items of charge accruing before they became partners, and being obliged to admit the credit made for the amount paid since that time, can recover nothing, if they are entitled to receive compensation according to the usage.  This would seem to be the result, if they cannot by virtue of a previous demand for payment, recover for interest accruing on their account before the commencement of the suit.  There is no proof of such a demand, the bill of exceptions does not purport to exhibit all the testimony.  When there has been an erroneous trial, the party aggrieved cannot be deprived of an opportunity to present his case anew, unless it be made fully to appear, that he could not derive a benefit from it.

*Exceptions sustained, and new trial granted.*