## H. F. PINNEY v. S. P. FRENCH.
### No. 13,240.   (73 Pac. 94.)

#### SYLLABUS BY THE COURT.

PROMISSORY NOTES— *Subsequent Change in Application of Pay-
ment.*   A debtor owed a creditor on two promissory notes, one
secured by mortgage on personal property, the other unsecured.
The same debtor had given to another creditor a promissory note
secured by a second mortgage on the same property.   The debtor
made a payment to the first creditor, which was applied on his
secured note.   Five months later the debtor and the first creditor
undertook, by mutual agreement, to change the application of the
payment from the secured to the unsecured note.   *Held*, that the
change of application could not be made to the prejudice of the
rights of the second creditor without his consent.

Error from Wilson district court; L. STILLWELL,
judge.   Opinion filed July 10, 1903.   Modified.

*S. S. Kirkpatrick*, for plaintiff in error.
*Kennedy & Kennedy*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action of replevin
brought to recover the possession of certain personal
property that had been mortgaged by Charles Whited
to S. P. French to secure an indebtedness of $600.

He had also mortgaged the same property to H. F. Pinney as security for a debt of $1000. French held the prior mortgage and he also held an unsecured debt against Whited. A payment of $200 was made by Whited to French, and the proper application of that payment is the only question involved in the litigation. The case was submitted to the trial court upon a concise stipulation of facts, and the proceeding brought here is very brief and free from the superfluous matter so frequently found in records. As to the application of payments, it was stipulated:

"Subsequent to the execution of said notes and mortgages, the said Whited paid to the said S. P. French the sum of $200, which was applied in part payment of one of the notes secured by the mortgage to the defendant.

"Some five months after this payment of $200 had been made and applied as aforesaid, French and Whited mutually agreed that this sum of $200 should not be considered as applied to the note where it had been applied when paid, but that they would consider the payment as applied on another note held by French against Whited that was not secured by either of the chattel mortgages above mentioned."

The trial court held that the application of payment could be, and was, changed by the mutual agreement of these parties.

It was competent for Whited and French, at the time the payment was made, to fix the application of it, and no one else could interfere or compel a different application from that agreed on by them. Ordinarily, a debtor and creditor can, by mutual agreement, change an application of payment previously made, but they can never do so where such a change would affect or invade the rights of others. The application was in fact made in this case; there was an express stipulation that it should be applied on the secured note.

Pinney v. French.

When that application was made the secured note was to that extent extinguished and the lien of the mortgage securing it was to that extent discharged.   From that time French only held priority over the second mortgage to the extent of the secured note not extinguished, which was about $400.   If there had been a payment of $600, and it had been applied to the payment of the secured debt, the second mortgage would have become the first and only lien upon the property. When the partial payment was made and applied, Pinney's mortgage was moved up to the place of the discharged lien, and thereafter he had a right to assume that French's mortgage debt was extinguished to the extent of the sum paid, and to proceed on the theory that his own mortgage had been to that extent substituted for that of French.   Whited and French could not revive the extinguished lien without the consent of Pinney any more than they could have given a new and later mortgage priority over that of Pinney's.   (*Miller et al. v. Montgomery*, 31 Ill. 350; *Harding v. Wormley*, 8 Baxt. [Tenn.] 578; *Thayer & White, plaintiffs in error, v. Denton, defendant in error*, 4 Mich. 192; *Bank of North America v. Meredith*, 2 Wash. [U. S. C. C.] 47, Fed. Cas. No. 893; *Smith et al. v. Wood*, 1 N. J. Eq. 74; 2 A. & E. Encyl. of L., 2d ed., 471.)

It follows that the judgment must be modified, and the cause remanded with instructions to enter judgment in favor of the plaintiff in error, on the matter in controversy.

All the Justices concurring.