[Civ. No. 6457. First Appellate District, Division Two.—June 18, 1929.]

## R. E. JOHNSTON, Appellant, v. HARRY GROOM et al., Respondents.

David Cosgrave for Appellant.

Ross & Ross for Respondents.

NOURSE, J.—Plaintiff sued to foreclose a mechanic's lien in the sum of $1946. The cause was tried before the court without a jury and resulted in a judgment for plaintiff in the sum of $946 from which he appeals on typewritten transcripts.

The defendant Groom was a building contractor and in the course of his business constructed a building for the

other defendants in Redwood City. The plaintiff was a cement contractor who furnished the materials for and performed the cement work on the same building under a subcontract with Groom. At about the same time Groom and the plaintiff were engaged in the construction of other buildings under the same arrangements. Groom admittedly owed plaintiff the sum of $1946 on account of the work and labor performed on the Redwood City building, while his indebtedness to plaintiff on the other contracts amounted to $2,357. On June 1, 1927, acting under Groom's instructions and his arrangement with the plaintiff, Mrs. Groom deposited with the Bank of Italy in Redwood City her check for $1,000, with instructions to credit the proceeds to plaintiff's account. This was done and the whole controversy here is whether this payment should be applied to the Redwood City job or whether the plaintiff could apply it to the general indebtedness of Groom.

The trial court found that the payment of June 1st was made upon the Redwood City contract and released the remaining defendants from the claim of lien in that amount upon that building. The lien was ordered foreclosed to the extent of the balance, $946, which sum the remaining defendants paid into court following the judgment. The sufficiency of the evidence to support this finding presents the only question on this appeal.

The evidence on this issue is in sharp conflict, but, in accordance with the general rule that where evidence appears that supports the finding made the finding must be sustained, we will assume that such evidence is the truth, and we will here recite the facts as outlined by respondents, with the mere statement that it was contradicted in almost every particular.

The Redwood City contract was referred to by all parties as the "Beeger job No. 2." In May, 1927, appellant approached Groom and asked for a payment of $1,000 on the Beeger job. Groom was leaving for the east and instructed his wife to pay appellant $1,000 on the Beeger job. Appellant later asked Mrs. Groom for that sum and then directed her to deposit it with the Bank of Italy to his credit. On June 1st Mrs. Groom deposited her check for $1,000 in the Bank of Italy with instructions to credit the proceeds to appellant and noted on the check that it was given on

account of the Beeger job. Prior to that appellant had approached the respondent Smith and asked if he could arrange with Groom so that he, the appellant, could get a payment of $1,000 on this same job. After the deposit had been made to his account in the bank he again saw Smith and told him everything had been fixed up. On July 7th thereafter the appellant and Groom met to settle their accounts and thereupon, by arrangement between themselves, agreed that this payment of $1,000 should be credited to other indebtedness of Groom. The latter then gave the appellant his note for $1357, representing the balance of this other indebtedness and left appellant free to claim the full sum of $1946 upon his lien for work done on the Beeger job. This evidence fully supports the finding under attack.

But appellant argues that, notwithstanding this fact, the creditor and the debtor had the right to apply the payment to such indebtedness as they agreed upon, and that, they having agreed to apply it to the other indebtedness, appellant should be permitted to enforce his lien to the full amount. The proper application of a payment where several obligations exist between the creditor and the debtor is fixed by section 1479 of the Civil Code. ■ There it is provided that, if the debtor, at or before the time of payment, directs the application of the payment to any particular obligation, and the creditor receives the money, he is bound by the direction. (20 Cal. Jur. 931.) ■ Here the finding is that the payment was made under directions to apply it on the account of the Beeger job. The appellant, having received the money under these conditions was, therefore, bound by them. The rule is uniform that when this has been done the appropriation by either party cannot be changed so as to injuriously affect the rights of third parties: (*Goss* v. *Strelitz,* 54 Cal. 640, 645; 30 Cyc. 1251.) When a payment has been made on account of a lienable obligation the owners are third parties whose rights would be injuriously affected by a subsequent appropriation of the payment to another obligation.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.