[Civ. No. 10087.   First Appellate District, Division One.—November 16, 1936.]

HART, SCHAFFNER & MARX (a Corporation), Appellant, v. C. W. VAUGHN, Respondent.

Sloss, Turner & Finney for Appellant.

Robert W. MacDonald and Robinson, Price & MacDonald for Respondent.

JAMISON, J., *pro tem.*—This action is upon a guaranty executed by defendant in favor of plaintiff. Judgment was given in favor of defendant, from which plaintiff appeals. The case was tried upon an agreed statement of facts and a bill of exceptions.

In 1928 one J. R. Vaughn, a cousin of respondent, established in Berkeley a retail clothing business conducted under the name of "Vaughn-at-Sather Gate". It was agreed between him and appellant that appellant would provide him with the greater part of the merchandise needed in his business. The said merchandise was to be sold him on credit, and to induce appellant to extend such credit respondent executed a guaranty on November 16, 1928, guaranteeing, up to the sum of $6,000, payment to appellant of all indebtedness which J. R. Vaughn should incur for merchandise purchased from appellant. Early in 1930 the indebtedness of J. R. Vaughn for merchandise purchased from appellant amounted to some $19,000. About that time appellant and J. R. Vaughn concluded to form a corporation to conduct said business. A corporation was thereupon formed, known as "Vaughn-at-Sather Gate Ltd.", all of its stock being issued to J. R. Vaughn, who placed it as a pledge with appellant. The said corporation assumed all of the indebtedness of J. R. Vaughn, reducing his indebtedness to appellant to the sum of $18,000, for which the corporation executed its note on March 1, 1930. By reason of this change in the business of J. R. Vaughn the form of the said guaranty became inappropriate, since the said guaranty ran to J. R. Vaughn individually and said busi-

ness was thereafter conducted by said corporation. It therefore became necessary to execute a new guaranty which would name the corporation as the debtor. Accordingly respondent on June 17, 1930, executed a new guaranty to replace the other, the old guaranty being returned to respondent. By this new guaranty the respondent obligated himself to pay to the extent of $6,000 for all goods thereafter sold by appellant to said corporation. In the fall of 1933 appellant forced the liquidation of said business, and as a result thereof funds were realized which by direction of the corporation were applied to the payment in full of the merchandise account of said corporation, leaving unpaid the $18,000 note.

Appellant's complaint contains three counts. The first count is upon the guaranty executed by respondent on the 17th of June, 1930, this being the guaranty given to replace the first guaranty given appellant by respondent. The second count is upon the first guaranty of respondent. This count was abandoned by appellant. The third count is upon the second guaranty, upon the theory that appellant had the right to credit payments made to it by respondent upon the note for $18,000, leaving the merchandise account of the corporation unsettled.

Appellant cannot recover upon the first count unless it can produce proof that the merchandise account of the corporation was not paid. This it did not do, for we find that on November 27, 1933, the said corporation mailed to appellant a letter which reads as follows: "Enclosed herewith please find our check No. 10989 in the sum of Four Hundred Twenty Five Dollars ($425.00) which, according to our records, clears the merchandise account in full to date." On December 5, 1933, appellant wrote said corporation as follows: "Your check of $425.00 enclosed in your letter of November 27th has been received and as you indicate in your letter this clears your merchandise account in full to date, leaving you owing us only your $18,000 note plus accrued interest." No further indebtedness to appellant for merchandise purchased by said corporation was incurred after the date of said letters, nor was any money advanced or loaned to said corporation by appellant at any time after the execution of the guaranty of June 17, 1930.

■ A guarantor cannot be held beyond the express terms of the guaranty. (*Glassell* v. *Coleman,* 94 Cal. 260 [29 Pac. 508]; *Murphy* v. *Hellman Commercial etc. Bank,* 43 Cal. App. 579 [185 Pac. 485].) In the recent case of *Bank of America etc. Assn.* v. *Kelsey,* 6 Cal. App. (2d) 346 [44 Pac. (2d) 617], the court held that a guaranty is not to be broadened by implication and also that it cannot be extended retroactively by implication. There the court said: "It is a rule of very general application that all guaranties are prospective and not retrospective in operation, unless the contrary appears by express words or by necessary implication. (Brandt on Suretyship and Guaranty, 3d ed., sec. 108; *National Bank of Commerce, etc.,* v. *Rockefeller,* 174 Fed. 22.) There is nothing in the language of the guaranty before us which discloses any purpose, either express or implied, to give it a retrospective operation." In the case at bar there is nothing contained in this second guaranty that gives it a retrospective operation.

■ Appellant contends that it had the right to charge the payments made by the corporation from its merchandise account to the said $18,000 note. The law is well settled that this cannot be done even with the consent of the debtor, where the rights of a third party are jeopardized. (*Johnston* v. *Groom,* 99 Cal. App. 462 [278 Pac. 935]; *Miller* v. *Montgomery,* 31 Ill. 350; *United States* v. *Brent,* 236 Fed. 771; *Pinney* v. *French,* 67 Kan. 473 [73 Pac. 94].) In the instant case the payments made by the corporation to appellant were made with the direction that they be applied as credits on the merchandise account and were so credited. Neither the corporation nor respondent consented or directed that these payments should be applied on the $18,000 note.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 16, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 14, 1937.