KELLEY BROTHERS LUMBER COMPANY v. LEMING.

4-9769                                   248 S. W. 2d 359

Opinion delivered April 21, 1952.

Rehearing denied May 26, 1952.

*Greenhaw & Greenhaw*, for appellant.

*Sam Rorex, Rex W. Perkins* and *E. J. Ball*, for appellee.

ROBINSON, J. This appeal is from a decree of the Chancery Court allowing a property owner a thousand dollar credit against a materialman's lien. The appellant, Kelley Brothers Lumber Company, sold to Steward Construction Company material used in construction of buildings for appellees, Howell E. and Lorena L. Leming. At the time Steward was also constructing some houses for Haskell Utley. Steward made a thousand dollar payment to Kelley without directions as to whether it was to be applied to the Leming or the Utley job. The Leming job being the older in point of time for which Kelley had sold material, the payment was applied to that job. Kelley informed Leming that the thousand dollar payment had been so applied. A little over thirty days later Steward instructed Kelley to apply the thousand dollar payment on the Utley job, which Kelley did, and so informed Leming. Steward defaulted on his contract with Leming, leaving a balance owed to Kelley of $1,653.34, if the thousand dollars is not credited to the Leming job.

Kelley filed suit to enforce a materialman's lien against the Leming property. The trial court held that Leming was entitled to the thousand dollar credit and Kelley has appealed.

It is the contention of appellant that Steward owed the money to Kelley, and, although Kelley may have rightfully applied the thousand dollars to the credit of the Leming job, the debtor and creditor have the right to change the payment to apply on the Utley job. As authority for this proposition appellant cites *National Surety Company* v. *Southern Lumber Company*, 181 Ark. 105, 24 S. W. 2d 964, wherein this court quoted with approval from 21 R. C. L. 107-8, as follows:

"The right to apply payments is one strictly existing between the original parties, and no third person has

any authority to insist on an appropriation of the money in his own favor, where neither the debtor nor the creditor has made or required any such appropriation." In this case 30 Cyc. 1250-1, is cited as follows:

"The exercise of the right of appropriation of payments belongs exclusively to the debtor and creditor, and no third party can control or be heard for the purpose of compelling a different appropriation from that agreed upon by them. But an appropriation by either party cannot afterward be changed so as to injuriously affect the rights of third persons."

In the National Surety Company case this court said: "The rule as announced by this court is that the debtor at the time of making a payment has the right to direct the application. If he fails to make such application, the creditor has the right to make it."

In the case of *Smart, Administratrix*, v. *Owen*, 208 Ark. 662, 187 S. W. 2d 312, the court quoted with approval from 41 C. J. 792 as follows: "The parties may agree as to the application of payment, and may, by agreement withdraw a payment once credited on the mortgage and apply it otherwise, provided no third person is prejudiced thereby." Here, if the appropriation of the payment is permitted to be changed it will injuriously affect and prejudice the interest of appellees to the extent of $1,000.

Appellees' position is similar to that of an endorser or surety who may be liable for the principal's debt by reason of his endorsement. In 21 A. L. R. 712 it is stated: "An application once made by the debtor or creditor to the debt for which the surety or guarantor is bound discharges the latter *pro tanto,* and cannot be affected by a change of application by the creditor and principal debtor." In support of the foregoing statement, cases from the federal courts and numerous state courts are cited including the case of *Harrison* v. *First National Bank*, 117 Ark. 260, 174 S. W. 553, wherein it is held that Harrison having sent a check to the Bank to be credited upon a certain note on which the Neals were sureties, the credit could not afterward be changed by the consent of the debtor to the prejudice of the Neals,

the sureties, citing *Pinney* v. *French,* 67 Kan. 473, 73 Pac. 94; *Miller* v. *Montgomery,* 31 Ill. 350; *Codman* v. *Armstrong,* 28 Me. 91; *Reid* v. *Wells,* 56 S. C. 435, 34 S. E. 401, 34 S. E. 939.

"It is elementary that an extinguishment of the debt, *ipso facto,* discharges the lien to secure the same." *Henson et ux.* v. *J. A. Henson, et al.,* 151 Tenn. 137, 268 S. W. 378, 37 A. L. R. 1131.

The Chancellor was correct in holding that even by agreement of Steward, the debtor, and Kelley, the creditor, the credit could not be changed from Leming to Utley to the prejudice of Leming.

Affirmed.