[Civ. No. 1220.    Third Appellate District.—May 12, 1914.]

## B. F. LYNIP, Respondent, v. ALTURAS SCHOOL DISTRICT OF MODOC COUNTY, Appellant.

BUILDING CONTRACT—ASSIGNMENT BY CONTRACTOR OF MONEY TO BECOME DUE—ABANDONMENT OF WORK.—An assignment by a contractor, engaged in constructing a school building, of a specified sum of money out "of the payment that is to be made to me by the said board of trustees upon the completion and acceptance of said building as aforesaid," operates solely upon the fund to become due and payable only upon the completion of the building, not upon moneys becoming due and payable as the work progresses; and if the contractor abandons the contract before completion, the trustees are not liable to the assignee for the amount of the assignment, under their indorsement thereon recognizing the assignment and reciting an agreement to pay the sum named, "out of the payment" to be made "at the time of completion and acceptance of said building."

ID.—EXECUTION OF ASSIGNMENT—FINDINGS.—A finding by the court, in an action by the assignee against the board of school trustees to enforce such assignment, that "all of the allegations of the said complaint are true," constitutes a finding that the assignment, as set out in *haec verba* in the complaint, was not only executed but that its terms as so set out are true.

ID.—AMOUNT DUE—FINDINGS OF FACT OR CONCLUSIONS OF LAW.—A finding in such action "that there is now due, owing and unpaid to plaintiff from defendant on account of the money loaned and advanced by him" to the contractor the sum mentioned in the assignment with interest, is a conclusion of law rather than a finding of fact, when considered in the light of the allegations of the complaint, which nowhere avers any money due the contractor at the time of the completion of the building, and other findings which show that the fund upon which alone the assignment was to operate did not and could not mature in favor of the contractor or his assignee.

ID.—DESIGNATION OF FINDINGS OF FACT AND CONCLUSIONS OF LAW.—As to matters designated "findings of fact" and "conclusions of law," in one connection a word or a phrase may stand for a fact, while in another the same word or phrase may designate a conclusion of law.

ID.—ABANDONMENT OF WORK BY CONTRACTOR—EFFECT ON RIGHT TO RECOVER.—This action by the assignee of a contractor against the owners of the building to recover on the assignment does not come within the principle that a contractor may abandon a building after the partial completion thereof and at the same time recover for the value of the work and material already performed and furnished, since neither the pleadings nor the findings show that the contractor was caused to abandon the contract or prevented from completing the building through any act or fault of the owners, but on the contrary that the abandonment was solely the result of his own act and volition.

APPEAL from a judgment of the Superior Court of Modoc County.   Clarence A. Raker, Judge.

The facts are stated in the opinion of the court.

C. S. Baldwin, for Appellant.

Jamison & Wylie, for Respondent.

HART, J.—On the sixth day of June, 1911, the defendant and one A. E. Pearson entered into a contract whereby the last named agreed to construct a school building for the former for the sum of $20,350.00.  By the terms of said contract, said Pearson was to furnish the labor and material for the construction of the building and was to complete the construction thereof, in accordance with plans and specifications

adopted for that purpose, on or before the fifteenth day of November, 1911. It was further stipulated in said contract that payments on the contract price should be made by the school district to Pearson as follows: "Seventy-five per cent of the value of the material and the work upon said building . . . on the first day of each month during the term of this contract, said value to be based upon the superintendent of construction's estimate. And the remainder of the said twenty thousand three hundred and fifty dollars after the full completion of said school building and upon its acceptance by the said board of trustees of the Alturas School District." It is then provided that no installment as above specified shall be paid until the superintendent of the school building or superintendent of construction shall have first certified to the board of school trustees that the work required to be performed as a condition precedent to the right to claim and receive the payment of such installment has been fully and satisfactorily performed. It is further provided in said contract that "should the said contractor, at any time during the progress of said work, refuse or neglect to supply a sufficiency of materials or workmen, the said first party shall have the right to provide material and workmen, to finish the said works, and the expense incurred thereby by said first party shall be deducted from the amount of said contract price."

The complaint alleges that, on the sixth day of November, 1911, while engaged in the construction of said school building under the contract whose terms are, in part, above set forth, said Pearson, "being short of funds and by reason thereof being unable to proceed with the erection of said building, which was then in a partial state of completion, applied to this plaintiff for the loan of $430.00, in cash, to enable him to procure the necessary labor and material for use in and upon said school building in the construction thereof; and upon said last named date the said . . . Pearson duly made, executed and delivered to plaintiff an assignment of $430.00 of the money payable to him, the said . . . Pearson, from said Alturas School District for the construction of said building. That said assignment so made . . . as aforesaid was in writing and was in words and figures as follows:

" 'KNOW ALL MEN BY THESE PRESENTS, That I, A. E. Pearson have heretofore entered into a contract with the Board of Trustees of the Alturas Public School District to construct a school building for said district, by the terms of which contract the said trustees of said school district have agreed to pay certain sums of money to me as the work progresses on said building, on the first day of each month until said building is completed, *and the balance of the contract price to be paid to me upon completion and acceptance of said building;* and whereas in order to enable me to pay for labor and material furnished and used in said building and performed thereon, it is necessary for me to have certain sums of money from time to time and week to week during each of said months, and, whereas, B. F. Lynip has this day advanced me the sum of $430.00 for use by me in the payment of said labor and material; Therefore I do hereby assign and set over unto the said B. F. Lynip the said sum of $430.00 out *of the payment that is to be made to me by the said Board of Trustees upon the completion and acceptance of said building as aforesaid,* and to receipt for same in all respects as fully and completely as I might or could do.  Dated this 6 day of November, 1911.  A. E. Pearson.  And upon which said assignment appeared the following indorsements and agreements, to wit:

"We hereby recognize the above assignment and hereby agree to pay the sum therein named to the said B. F. Lynip instead of to the said A. E. Pearson, out of the payment to be made by us to the said A. E. Pearson on the construction of said school building at the time of completion and acceptance of said building.  Dated this 6th day of November, 1911. F. F. Auble, S. T. Ballard, L. S. Smith, Trustees of Alturas School District.

"This is to certify that the above A. E. Pearson has accomplished work and furnished material and is entitled to more than the amount drawn, including the above amount, as per the 25 per cent basis of his contract upon the completion and acceptance of said school building.  H. M. Sweeney Superintendent.

"That relying upon the said assignment of said A. E. Pearson and its approval thereof by said defendant, and the certificate of said superintendent, this plaintiff advanced to the

said A. E. Pearson the said sum of $430.00 in lawful money of the United States, and the said $430.00 so advanced by plaintiff to the said A. E. Pearson as aforesaid, was used by the said A. E. Pearson in paying for labor performed in the construction of said school building and in paying for material furnished in the construction thereof.''

The complaint further avers that, at the time of the execution and delivery to the plaintiff of said assignment, the said school district was indebted to the said Pearson in a sum in excess of the said sum of $430.00, ''in this, that by the terms of the contract entered into between the said A. E. Pearson and the said school district, the said school (district) was to withhold from the monthly payments therein specified twenty-five per cent of the value of the labor performed on said school building and material furnished therefor, until the completion of the building.'' It is then alleged that said ''building has been completed and is now being occupied by the said defendant for school purposes, but that no part of said sum of $430.00 or any interest thereon has ever been paid to this plaintiff by said defendant or by any one else,'' and that the same is ''now due and owing to plaintiff and unpaid to him.'' Upon information and belief, the plaintiff alleges that the defendant ''has used and expended for other purposes than paying this plaintiff the sums of money withheld by it out of the money owing by it to the said A. E. Pearson as aforesaid, and that none of said money so withheld by it as aforesaid is now available or will be available at any time hereafter, for the payment of the said $430.00 and interest, or any part thereof to this plaintiff.''

A demurrer on general and special grounds was interposed to the complaint and overruled.

The gist of the defendant's defense is set forth in paragraph 6 of its answer, wherein it is admitted that the contract above described was entered into on the sixth day of June, 1911, between said Pearson and the defendant; that Pearson thereupon commenced the performance of said contract, and at various times, as the work progressed, the defendant paid to Pearson all sums of money due and owing to him by virtue of the terms of said contract; that, on the first day of January, 1912, and before the completion of the school building according to the terms of said contract, Pearson ''neglected

and refused to furnish labor and material necessary to complete said school building'' according to the requirements of said contract, "and abandoned his said contract and said uncompleted school building.'' Thereupon, so the answer proceeds, the defendant, in pursuance of the authority so vested in it by said contract, entered into and took possession of the uncompleted school building, and proceeded to complete the same in accordance with the terms of said contract and the plans and specifications adopted therewith, and to that end furnished the required labor and materials, ''expending therein for such necessary labor and materials to complete said school building the entire balance of said contract price remaining in its hands over and above the sum theretofore paid to said Pearson under the terms of said contract; that all sums of money which became due said A. E. Pearson under or on account of said contract were fully paid by defendant to him, or to his order, prior to the time of his abandonment of said contract as aforesaid, and by reason of the failure of said Pearson to complete his said contract, and his abandonment thereof, no sum of money was, or ever at any time became due thereunder out of which defendant could lawfully pay to plaintiff the sum sued for on account of said assignment.''

The court found that the contract as above described was entered into between Pearson and the defendant on the sixth day of June, 1911; that Pearson entered upon the execution of the terms of said contract; that, on the sixth day of November, 1911, Pearson borrowed the sum of $430.00 from the plaintiff upon the assignment and indorsements thereon, as set out in the complaint and above quoted; that, at the time of the execution of said assignment, the defendant was indebted to Pearson in an amount greatly exceeding the sum so loaned by the plaintiff to Pearson for work already performed by the latter on said building; that after said assignment was delivered to the plaintiff Pearson performed work and labor upon the building amounting to the sum of $1,497.66, and that after said assignment was made and delivered to plaintiff the defendant paid over to Pearson, for work performed on said building and materials furnished for the same, the sum of $5,200.00; that the defendant paid said Pearson, on account of said contract, the aggregate sum

of $14,895.00, of which amount the sum of $5,200.00 was made in three different payments subsequently to the date of the execution and delivery of said assignment and the acceptance thereof by the defendant, to wit: November 9, 1911, $4,100.00; December 4, 1911, $600.00; December 18, 1911, $500.00; that said payments were based upon the written estimates furnished by the superintendent of construction, except the payments of December 4 and December 18, 1911, and amounting to seventy-five per cent of the superintendent's estimate of the value of labor and material furnished for the building by the contractor during the month preceding the payment. The court found that Pearson commenced the construction of said school building and continued work on the same up to about January 1, 1912, "at which time he abandoned his contract," after which the defendant took possession of and completed the building in accordance with the "Pearson contract and necessarily expended therein the sum of $5,848.38 for labor and materials. At the time of the abandonment of said contract by said Pearson on January 1, 1912, there was in the building fund of said school district the sum of $5,455.00. the balance of the contract price of said school building, all of which moneys were subsequently expended by defendant in completing said building according to the Pearson contract." The court further found that "all of the allegations of the said complaint are true; and that the said school building was fully completed on or about September the 1st, 1912, and ever since then has been used and occupied by defendant as its public school building."

From its findings, the court concluded, as a matter of law, that "the defendant is justly and legally indebted to plaintiff in the sum of $430.00, with interest thereon at the rate of seven per cent per annum, from December 1st, 1911, to this date, and that said last named sum, with said interest, is now due, owing and unpaid to plaintiff from the said defendant," and, accordingly, awarded judgment to the plaintiff for said amount.

This appeal is by the defendant from the judgment on the judgment-roll alone.

The defendant insists that on the facts found by the court the judgment ought to have been for it.

Its position is, as is manifest from the defense set up in the answer, as above indicated, that the assignment by Pearson to the plaintiff. was of the money to accrue in favor of the former on the twenty-five per cent of the contract price of the building and to become due and payable to Pearson only on the completion by him of the construction of the building according to his contract with the defendant. In other words, the contention of the defendant is that the assignment was not intended to operate upon any moneys becoming due and payable to Pearson as the work progressed, on the seventy-five per cent basis prescribed by the building contract, but solely and exclusively upon the fund to become due and payable upon the completion of the terms of said contract by Pearson, and that, when Pearson abandoned his contract and so failed to complete the construction of the building according to his agreement, the liability of the defendant under the assignment thereupon ceased further to exist.

We can see no way of escaping a conclusion in harmony with the defendant's position, as above explained.

The court found, as we have seen, that "all of the allegations of the said complaint are true," and this constituted a finding that the assignment, as set out *in haec verba* in the complaint, was not only executed but that its terms as so set out are true, and that the defendant accepted and assumed the liability thereby created against it and none other.

The assignment, so found to have been executed and delivered to the plaintiff by Pearson, and acknowledged and accepted by the defendant, needs no construction to ascertain its meaning and scope. It clearly, unambiguously and with unerring certainty speaks for itself, and, as plainly as language can express any proposition, provides that the fund upon which it was intended exclusively to operate was that which the building contract provided should accrue and mature in the hands of the defendant and to become payable to Pearson only upon the completion by him of the building in accordance with the terms of the building contract. As counsel for the defendant suggests, it constituted a mere equitable assignment of moneys subsequently to become due and payable and in no way purports to convey a present interest. In other words, the vitality of the assignment, so far as it was capable of accomplishing any substantial purpose, was made to depend

24 Cal. App.—28

and did depend wholly upon the fulfillment by Pearson of a condition precedent, viz.: The completion by him of the construction of the building and the consequent maturing of an obligation on the part of the defendant to pay to him, or to any one regularly and duly subrogated to his rights therein, the twenty-five per cent of the contract price of the building.

That the effect and scope of the assignment was understood by all the parties to the transaction of which it was the crystallization to be limited in its operation to the fund to mature on the twenty-five per cent and not on the seventy-five per cent basis prescribed by the building contract, and payable on the completion of the building by Pearson, is clearly and unmistakably emphasized by the language of the written indorsement on the assignment of the acceptance or acknowledgment of said instrument and agreement by the defendant's board of trustees to pay to the plaintiff, instead of to Pearson, the sum of money named therein. Said indorsement, as seen, reads as follows: "We hereby recognize the above agreement and hereby agree to pay the sum named to the said B. F. Lynip instead of to the said A. E. Pearson, *out of the payment* to be made by us to the said A. E. Pearson on the construction of said school building *at the time of completion and acceptance of said building.*" Nothing could be clearer than that, by the foregoing language, the board of trustees of the defendant intended and understood that the assignment was to be restricted in its operation to the fund which, under the terms of the building contract, could only mature when the building had been completed by Pearson and accepted by the defendant, and that, since the liability thus named and assumed by the defendant was precisely the same as that created by the assignment itself, the plaintiff must thus have had emphasized upon his mind the proposition that solely upon the fund to mature only on the final completion of the building was the efficacy of his assignment made to depend.

It necessarily follows that when, as the court distinctly finds was true, the building contractor abandoned his contract before completing the construction of the building and thus failed to comply with the condition, the execution of which was prerequisitely essential to the maturing of the fund from which only the assignment, by virtue of its own terms, could be satisfied, any liability which the defendant might have

incurred by reason of said assignment was thereupon extinguished, since the assignment vested in the plaintiff only such rights as the assignor had in the fund upon which the assignment was intended to operate, or, as is said in *First Nat. Bank* v. *Perris Irr. Dist.*, 107 Cal. 55, [40 Pac. 45], the assignment could vest in the assignee no rights different from or superior to those of the original contractor.

The only finding which furnishes even plausible ground for the contention that the judgment is sufficiently supported is the following: " . . . That there is now due, owing and unpaid to plaintiff from defendant on account of the money loaned and advanced by him to A. E. Pearson as aforesaid the sum of $430.00, with interest," etc. But, considered by the light of the averments of the complaint and the other findings, said so-called finding must be treated as a conclusion of law rather than as a finding of fact. We may say that the so-called finding involves one of those peculiar statements which may constitute either a finding of fact or a conclusion of law, according to the connection in which or the circumstances under which it is employed. As has been well said as to matters designated "findings of fact" and "conclusions of law," in one connection a word or a phrase may stand for a fact, while in another the same word or phrase may designate a conclusion of law. (*Hill* v. *Finigan,* 77 Cal. 267, [11 Am. St. Rep. 279, 19 Pac. 494].) For illustration, in *Gay* v. *Moss,* 34 Cal. 125, it was held that a finding that "the assignment and delivery of the contract was a mortgage and not a pledge," although stated as a finding of fact, was, in view of the other facts admitted and found, a mere conclusion of law. (See 2 Hayne on New Trial and Appeal, Rev. Ed., p. 1388.) Hence, we say that the so-called finding of fact above referred to cannot, in view of the allegations of the complaint and of the other facts found by the court, be held to be anything more than a mere conclusion of law, as we will now proceed to show.

The foundation of the plaintiff's right to a recovery is obviously the assignment. Upon that instrument his right to a recovery must stand or fall. As seen, the plaintiff, in his complaint, pleaded and set out *in haec verba* said assignment. The complaint nowhere alleges that, at the time of the completion of the building, there was any money due from the

defendant to Pearson on account of the building contract. It is true, as seen, that the complaint avers that, *"at the time the assignment was made to this plaintiff,"* the defendant was indebted to Pearson "for more than the said sum of $430.00, in that by the terms of the contract entered into between the said Pearson and the said school district, the said school district was to withhold from the monthly payments therein specified twenty-five per cent of the value of the labor performed on said school building and material furnished therefor, until the completion of said building; and that *at the time said assignment was made to plaintiff* by said Pearson as aforesaid, the amount so *at that time* withheld by said defendant for work and labor and material furnished . . . in the construction of said building amounted to more than said sum of $430.00," etc. But that averment, conceding that it states the truth, is manifestly immaterial and can, of course, afford no aid to the plaintiff. The assignment, as is clear from its terms, solely affected a fund different and distinct from any which might have matured in favor of Pearson prior to the completion of the building, and the averment just quoted could have no more pertinency to the right of the plaintiff to recover, if any he had, than an averment that the school district was indebted to some other person than Pearson.

It is also true, as before shown, that on the assignment as set out in the complaint is the indorsement of the superintendent of construction of the building to the effect that Pearson "has accomplished work and furnished material and is entitled to more than the amount drawn, including the above amount, *as per the twenty-five per cent basis of his contract upon the completion of and acceptance of said school building."* While the language of said indorsement, taken by itself, is rather obscure, the succeeding averment of the complaint renders it perfectly clear that the superintendent of construction entered said indorsement upon the assignment prior to the delivery thereof to the plaintiff and before the transaction to which it related was fully completed—that is, before the plaintiff had actually advanced the money to Pearson—and that said indorsement, therefore, solely referred to the twenty-five per cent remaining unpaid to Pearson on the work and materials performed and furnished up to the time of the execution of

the transaction of which the assignment was the culmination. The averment referred to reads, in part: "That relying upon the said assignment of said A. E. Pearson and its approval thereof by said defendant, *and the certificate of said superintendent,* this plaintiff advanced to the said A. E. Pearson the said sum of $430.00," etc.   But if any doubt could by any possibility arise from the complaint as to whether the indorsement by the superintendent of construction referred to the twenty-five per cent remaining due Pearson at the time the assignment was executed and delivered to the plaintiff, it must readily be removed by the finding of the court upon that proposition, as follows: " . . . And thereupon the said A. E. Pearson made and executed the assignment to plaintiff and secured the indorsements thereon by the said trustees, and by H. M. Sweeney, the superintendent of construction of said building, as set forth in paragraph 2 of plaintiff's said complaint and delivered same to plaintiff as security for the said loan.   And thereupon the said plaintiff accepted the said assignment, *with said indorsements,* from the said A. E. Pearson and loaned him the said sum of $430.00 in cash."

Thus it appears, as above stated, that the complaint does not anywhere allege that there was any money due Pearson on account of his contract with the defendant at the time of the completion of the building.

Now, as to the findings other than the one under present consideration: As has been shown, the court found that the assignment as pleaded by the plaintiff (the foundation of his right to a recovery) was executed and that the terms thereof were as they plainly purport to be by the pleaded instrument itself.   The court further found, as seen, that the defendant paid to Pearson, out of the contract price, the total sum of $14,895.00, the last payment being on the eighteenth day of December, 1911, or thirteen days before the time at which the latter abandoned his contract to construct the building, and that the sum then remaining of the contract price, together with the additional sum of $393.38, was required and actually used by the defendant to complete the building according to the terms of the building contract after Pearson had abandoned the same.   From this finding, it is clear, and, indeed, it irresistibly follows, that the fund the existence of which at the time of the completion of the building was contemplated by

the building contract and upon which alone the assignment was to operate did not and, in the very nature of the case, could not mature in favor of Pearson or his assignee.

Thus readily will it be observed that, if the so-called finding above adverted to, viz.: ''that there is now due, owing and unpaid to plaintiff from defendant on account of the money loaned and advanced by him to A. E. Pearson . . . the sum of $430.00,'' etc., is to be regarded as a finding of fact, it would not only not be responsive to or within any issue tendered by the complaint or made by the pleadings, but it would be contradictory to the other findings which, obviously, were educed from the only evidence proper to be received into the case under the issues as framed—that is to say, it would be irreconcilably inconsistent with the finding that Pearson abandoned his contract before completing the building and with the assignment itself, which, as pleaded by the plaintiff as the sole foundation of his right to a recovery, the court found was executed and delivered to the plaintiff by Pearson in consideration of the loan by the former to the latter of the sum of money therein specified, which finding, in view of the plain and unobscure meaning of the instrument, necessarily implies the further finding (or perhaps it may be more accurate to say compels the legal conclusion) that the assignment was to operate solely upon a fund only to mature, under the terms of the building contract, at the time of the completion of the building by Pearson in conformity with the requirements of said contract and the acceptance of said building, as so completed, by the defendant. Hence, as stated, the so-called finding, although included by the court in its findings of fact, cannot be invested with a higher function than that of a mere conclusion of law, and, as has been shown, one which is obviously erroneous.

But it appears to be the view of counsel for the plaintiff that this case comes within the principle of certain cases wherein it is held that a contractor may abandon a building after the partial completion thereof and at the same time recover for the value of the work and material already performed and furnished. Among the cases cited by counsel as supporting that proposition is that of *Adams* v. *Burbank,* 103 Cal. 646, [37 Pac. 640]. There is, however, a clearly marked distinction between that case and the case at bar in respect to the facts.

In the Adams-Burbank case it appeared that, "without cause and in violation of the contract, defendant took possession of the building, ousted the plaintiff (contractor) therefrom, and refused to permit him to complete the same in consonance with the contract, and appropriated to his own use the material on hand and provided to be used therein or in the construction thereof." In the case at bar, neither the pleadings nor the findings show that Pearson was caused to abandon the contract or prevented from completing the building through any act or fault of the defendant. Indeed, while the complaint contains no reference to the abandonment of the contract by Pearson, the answer alleges, as seen, "that before the completion of said contract, to wit, on or about the first day of January, 1912, said Pearson *neglected and refused to furnish labor and material necessary to complete said school building according to the terms of said contract, and abandoned his said contract and said uncompleted school building,*" and that thereupon the defendant entered into and took possession of said uncompleted building and furnished the labor and material and completed said building according to the terms of the Pearson contract. Presumptively, upon evidence responding to those allegations of the answer, the court based its finding that on or about January 1, 1912, Pearson "*abandoned his contract* and the uncompleted building was completed by defendant school district." But this finding is itself clear, definite and certain in meaning. It can imply nothing less than that Pearson, without fault of any person other than himself, relinquished and refused to proceed with the execution of his contract according to its terms. "To abandon," says the supreme court of Massachusetts, in *Pidge* v. *Pidge,* 3 Metc. 257, 265, quoting Crabb on Synonyms, "is totally to withdraw ourselves from an object; to lay aside all care for it; to leave it altogether to itself," and in *Sikes* v. *State* (Tex. Cr.), 28 S. W. 688, 689, the word "abandon" is defined to mean "a giving up; a total desertion; an absolute relinquishment." Hence, when the court said that Pearson "abandoned his contract" it meant to find, and does find, if the ordinary, usual and natural signification is to be attributed to words, that the abandonment of the contract was solely the result of Pearson's own act and volition—that he voluntarily

relinquished or withdrew from the same without the consent of the defendant.

In the foregoing discussion, we have not lost sight of the familiar rule that all presumptions are to be indulged favorably to the support of the judgment, where the appeal is not supported by a bill of exceptions or a statement of the case or other legally authenticated record of the evidence.

Our conclusion is that judgment ought to be entered upon the findings in favor of the defendant. Indeed, it is manifest that the complaint does not state a cause of action against the defendant and that the demurrer should have been sustained on the general ground.

The judgment is reversed, with directions to the court below to enter judgment upon the findings for the defendant.

Chipman, P. J., and Burnett, J., concurred.