[Civ. No. 6528. Fourth Dist. May 8, 1961.]

J. C. WATTENBARGER AND SONS (a Corporation), Appellant, v. ROY L. SANDERS, Respondent.

858

Vizzard, Baker, Sullivan & McFarland for Appellant.

Deadrich & Bates and Kenneth H. Bates for Respondent.

GRIFFIN, P. J.—On December 17, 1959, plaintiff-appellant filed an action against defendants, including C & L Construction Company, Ltd., a copartnership, based upon four causes of action: (1) account stated, (2) open book account, (3) reasonable value of goods delivered to defendants, and (4) attorney's fees. All defendants were served and defaults were taken as to all of them except defendant-respondent Roy L. Sanders who filed an answer and denied that he was a partner in said company at any time. He also denied any indebtedness to plaintiff, either as a partner or otherwise, and, as a defense, alleged that on May 5, 1958, he executed an amended certificate of limited partnership of the C & L Construction Company, Ltd. and recorded it in Kern County on May 26, 1958, and substantially complied with Corporations Code, section 15502; that under its terms, he was to contribute $100 and no more to the partnership; that he took no part in the control or management of the business which would bring him within the exception noted in Corporations Code, section 15507; that he has renounced and does renounce, under Corporations Code, section 15511, any interest in the profits of the business or other amounts by way of income from said partnership. Accordingly, he claimed he was not liable to the general creditors. A dismissal of the complaint, as well as a summary judgment in favor of respondent, was sought under Code of Civil Procedure, section 437c.

In conjunction therewith, respondent filed his affidavit, which recites these facts and refers to his deposition and to an attached copy of the amended certificate of limited partnership. In his affidavit, he further stated that the sums claimed by plaintiff were for materials sold by plaintiff to the C & L Construction Company, Ltd., and none were sold or delivered to him.

In opposition to the motion for a summary judgment, plaintiff states that respondent's affidavit is insufficient in many respects; that he does not state therein when or how he re-

nounced any interest in the profits or income of the firm and accordingly there were factual questions to be determined by the trial court; that such affidavits are strictly construed and respondent must make a strong showing, due to the drastic nature of such a proceeding. (Citing such authority as *Weichman* v. *Vetri*, 100 Cal.App.2d 177 [223 P.2d 288]; *Desny* v. *Wilder*, 46 Cal.2d 715 [299 P.2d 257].)

It is then argued that the purpose of the summary judgment is not to try issues of fact but merely to determine whether there are issues to be tried, and where the meaning of the language of a contract is uncertain or doubtful and parol evidence is introduced in aid of its interpretation, the question of its meaning is one of fact. (Citing *Walsh* v. *Walsh*, 18 Cal. 2d 439, 440 [116 P.2d 62]; and *Eagle Oil & Ref. Co.* v. *Prentice*, 19 Cal.2d 553 [122 P.2d 264].)

Plaintiff's affidavit, filed by its secretary, in opposition to the motion recites that on May 5, 1958, defendants, including Roy L. Sanders, executed a certificate of doing business under a fictitious name, reading:

"THE UNDERSIGNED do hereby certify that they are conducting a real estate development business at 400 Hazel Street, in the City of Bakersfield . . . under the fictitious trade name of C & L Construction Co., Ltd., and that said firm is composed of the following persons, whose names and addresses [are] as follows, to-wit: . . ."

It is signed by the partners, including Roy L. Sanders, and has no reference to his being a limited partner. It was filed on June 23, 1958, with the clerk of Kern County and published on June 24, 1958, in a newspaper of general circulation. Plaintiff's affidavit recites that affiant read said newspaper publication and believed that Roy L. Sanders was a general partner; that plaintiff continued to grant credit to said defendants and each of them; that plaintiff did not exercise its materialman's lien rights because of plaintiff's reliance on the publication and that Roy L. Sanders was a member of the firm doing business under said fictitious name. Its affidavit then avers that prior to the publication, affiant discussed the defendants' company and its membership with others in the electrical business and he was informed that there was nothing to worry about in regard to its finances since Roy L. Sanders was connected with the business as a partner. The affidavit then points out that the amended certificate of limited partnership referred to by respondent was filed with the county clerk on May 21, 1958 and recorded on May 26, 1958.

In this so-called certificate of limited partnership, it recites: "The Limited Partner, ROY L. SANDERS, shall contribute the sum of $100.00, and further shall, *as his contribution to the partnership*, act as a personal guarantor of real estate and business transactions of the partnership when the assets and credit of the partnership and the General Partners do not afford the required security for said transactions." (Italics ours.)

In Roy L. Sanders' deposition, filed herein and made a part of the record on appeal, Sanders admitted that he acted as a personal guarantor of a loan to C & L Construction Company, Ltd., by the Bank of America N. T. & S. A., and that he signed said note as R. L. Sanders and did not state that he signed it as a limited partner. In a deposition, similarly filed, the bank manager, as a result of the loan applied for by defendant company, loaned the company $5,000 and the loan was guaranteed by Roy L. Sanders in his individual capacity. Plaintiff further averred that it never learned that defendant Roy L. Sanders was claiming the status of a limited partner until other defendants filed petitions in bankruptcy on January 4, 1959, at which time plaintiff's materialman's lien rights had expired; that the original certificate of doing business under a fictitious name was not published until after the limited partnership certificate was filed and recorded and that he then saw the publication and was led to believe therefrom that Roy L. Sanders was a general partner in said business. It is also argued that Roy L. Sanders, in addition to his contribution of $100, also, as a part of that contribution, agreed to act as a personal guarantor of real estate transactions of the partnership when the assets and the credit of the partnership and the general partners did not afford the required security for a transaction. In this respect, it is rightfully argued that a question of fact did arise as to whether Roy L. Sanders was holding himself out to the public as a general partner, had misled the public in believing that he was at all times a general partner, or that he was in fact participating in the control of the business under Corporations Code, section 15507, *supra*, and whether he was acting in good faith in filing the amended certificate under Corporations Code, section 15502, *supra*.

It now appears that the trustee in bankruptcy has in his possession all of the assets of the partnership and that no assets of defendants Charles W. Hauser and Lester W. Sanders and the other defendants were found.

Respondent claims that by the answer he has and did renounce any interest in the profits or income of the business and accordingly is relieved of liability under Corporations Code, section 15511, *supra*. That section provides that:

"A person who has contributed to the capital of a business conducted by a person or partnership *erroneously* believing that he has become a limited partner in a limited partnership, is not, by reason of his exercise of the rights of a limited partner, a general partner with the person or in the partnership carrying on the business, or bound by the obligations of such person or partnership; provided, that on ascertaining the mistake he promptly renounces his interest in the profits of the business, or other compensation by way of income." (Italics ours.)

It will be noted that he must *erroneously* believe he has become a limited partner and, on ascertaining the mistake, he must promptly renounce his interest in the income or profits and under these circumstances he will not be liable as a general partner. No California cases have been called to our attention bearing directly on this question, but cases reviewed in 17 California Law Review 629-630; 2 U.C.L.A. Law Review 1954-55, 105, 116; 1950 A.S. 464; 18 American Law Reports 2d 1360, 1361, 1362, are convincing that substantial compliance *in good faith* is all the statute requires for the formation of a limited partnership without full partnership liability. Corporations Code, section 15502, subdivision (2), specifically provides that good faith is a requirement in respect to subdivision (1), i.e., as to the formation of the limited partnership, and as to the requirements to be contained in the certificate and of its filing. (*Russell* v. *Warner*, 96 Cal.App. 2d 986 [217 P.2d 43].)

There are certain exceptions to this so-called "escape provision," such as where the limited partner exercises control over the business (Corp. Code, § 15507, *supra*; 35 State Bar J. 678; *Holzman* v. *de Escamilla*, 86 Cal.App.2d 858 [195 P.2d 833]), or made false statements in the certificate where reliance is had on such false statements and loss is thereby suffered (Corp. Code, § 15506; 8 Uniform Laws Annotated, § 6; 34 A.L.R.2d 1454), or where the surname of a limited partner appears in the partnership name (Corp. Code, § 15505; 8 Uniform Laws, Annotated, § 5), or possibly misrepresenting a person as a partner under Corporations Code, section 15016, subdivision (1), (a) and (b). See also 2 U.C.L.A. Law Review 105, 116, *supra*.

It therefore appears that a mere statement by way of answer to a complaint in a creditor's suit against the partnership, where one claims and believes he has become a limited partner, is not in and of itself sufficient as a matter of law to avoid liability under Corporations Code, section 15511, *supra*, where the evidence is in conflict as to whether his belief was *erroneous* or whether he acted *"in good faith."*

In referring to this section, there is recognized authority indicating that "good faith" in this respect is a necessary element. See 3 Witkin, Summary of California Law, 2295, section 38, where it is said: "The act, however, contains an escape provision for one who acts mistakenly but *in good faith."* (Italics ours.)

This indicates, as we conclude, that the question of good faith does become involved in applying the section; otherwise it would truly amount to an "escape provision" for those acting in bad faith and with an intent to defraud creditors of a so-called limited partnership which was, in fact, operating as a general partnership. In *Rathke* v. *Griffith*, 36 Wn.2d 394 [218 P.2d 757, 18 A.L.R.2d 1349], where the defendant attempted to become a limited partner in a partnership which was defectively organized, he sought to apply this section. The facts there show no possible lack of good faith and the section was properly applied. See also *Giles* v. *Vette*, 263 U.S. 553 [44 S.Ct. 157, 68 L.Ed 441]; 18 A.L.R.2d 1360.

Considering the facts here alleged and considered by the trial court in granting the summary judgment, it appears that defendant, on May 5, 1958, executed a certificate of doing business under a fictitious trade name, to wit, C & L Construction Company, Ltd., under Civil Code, section 2466. Nowhere in the certificate does respondent refer to himself as a limited partner. It was not filed until June 23, 1958, and not published until June 24, 1958, in a newspaper of general circulation. It recites that he, one of the undersigned, certifies that he is conducting a real estate development business under that fictitious name.

In *West Side Trust Co.* v. *Gascoigne*, 39 N.J. Super. 467 [121 A.2d 441, 442], it was held that filing of business name certificate constituted a representation of partnership "in a public manner" within purview of uniform partnership law section rendering person consenting to such representation liable to one giving credit on faith thereof. See also *Hunter* v. *Croysdill*, 169 Cal.App.2d 307, 316 [337 P.2d 174],

where it was held that Civil Code, section 2466, relating to the filing and publishing of a certificate of fictitious name:

". . . was designed to give public notice of the true names of individuals doing business under a fictitious name or names of all members of a partnership where the firm name does not disclose the names of all the partners, but it was not designed to protect a person who has made prior representations as to his relationship with one who subsequently files and publishes a certificate apparently at variance with those prior representations." (See also *Dodd* v. *Tebbetts,* 198 Cal. 333, 340 [244 P. 1081].)

On May 5, 1958, the same day he filed a certificate indicating that he was doing business under a fictitious name, he also executed an amended certificate of limited partnership under Corporations Code, section 15502, *supra.* These are two separate proceedings. The certificate of limited partnership was filed on May 21, 1958, and recorded on May 26, 1958. Building materials were furnished by plaintiff to the C & L Construction Company, Ltd. between March 14, 1958, and July 29, 1958, of the value of $6,532.24. On January 4, 1959, the partnership filed a voluntary bankruptcy petition and was thus adjudicated. Plaintiff's affidavit shows that it relied upon the publication in reference to the fictitious named partnership as indicating to the world that respondent was a general partner in the named partnership and that they were not apprised of the additional amended certificate filed by respondent in reference to his claimed limited partnership interest and that this constituted misrepresentation and bad faith in his dealings with plaintiff as a creditor of said partnership. There is no indication that the fictitious named partnership had been dissolved or that respondent was no longer a member of that partnership. His claim of renunciation, under Corporations Code, section 15511, *supra,* made no reference to this partnership. Plaintiff alleges that it continued to advance credit to the partnership as a result of and under the belief that the published notice was still effective and that respondent was a general partner therein.

The true rule in reference to summary judgments is cited in *Buffalo Arms, Inc.* v. *Remler Co.,* 179 Cal.App.2d 700, 703 [4 Cal.Rptr. 103], where it is said: "Because summary judgment procedure is not a substitute for a trial, our Supreme Court has held that it is drastic and to be used with caution, that the facts stated in the affidavits opposing the motion must be accepted as true, that such affidavits must be

liberally construed and need not necessarily be composed wholly of strictly evidentiary facts, and that those of the moving party must be strictly construed. . . . These rules, heavily relied upon by defendant here, do not require us either to disregard facts stated in the plaintiff's affidavits that are not contradicted, or to read into the defendant's affidavit facts that are not stated therein. Our task is to determine, from the affidavits, whether there is a real factual issue to be tried.''

To the same effect is *West Side Trust Co.* v. *Gascoigne, supra,* 39 N.J. Super. 467 [121 A.2d 441, 443], where it was held that: ''The matter cannot be decided on the affidavits of the parties where inferences for and against the existence of the cause of action or the defense arise therefrom, no matter how strongly they point in one direction or the other. Affidavits are of value [in disposal of motion for summary judgment] only when they demonstrate palpably the absence of a factual dispute as to elements of the cause of action or defense.''

 We are of the belief, from the affidavits and records considered by the trial court, and the logical inferences that might be deduced therefrom, that factual questions did arise for the determination of the trial court. Accordingly, it was error to grant a summary judgment.

Plaintiff, on May 23, 1960, moved the trial court to file an amendment to the complaint further alleging that the financial condition of the partnership and general partners did not afford the required security for this transaction. Judgment was sought against Roy L. Sanders on this claimed liability set forth in the limited partnership agreement. The trial court refused to allow the amendment. The question of allowing amendments to pleadings under the circumstances was a discretionary matter for the trial judge. No abuse of discretion appears. (*San Francisco etc. Soc.* v. *Leonard,* 17 Cal.App. 254 [119 P. 405] ; *Tingley* v. *Times Mirror,* 151 Cal. 1 [89 P. 1097].) However, this ruling may be reconsidered by the trial judge on a trial of the issues.

Judgment reversed.

Coughlin, J., concurred.