[Civ. No. 17177.   Second Dist., Div. Three.   Apr. 14, 1950.]

WILLIAM E. RUSSELL, Respondent, v. THOMAS W. WARNER, JR., et al., Appellant.

Manuel Ruiz, Jr., for Appellant.

McLaughlin & Hutchinson for Respondent.

VALLÉE, J.—Appeal by defendant Thomas W. Warner, Jr., from an adverse judgment in an action to recover damages for fraud.

The court found these facts: At all pertinent times the defendants were copartners under the name of "Warn-Dorf Co.,"; defendant Oberdorf made certain false representations to plaintiff concerning the business and assets of the partnership; defendant Warner, knowing that plaintiff was considering investing money in the partnership, said in the presence of plaintiff that "Oberdorf should proceed with the negotiations with plaintiff"; thereafter Oberdorf made further false representations to plaintiff concerning the financial condition of the partnership and to the effect that if plaintiff would invest $10,000 in the partnership, defendants would have an agreement prepared evidencing plaintiff's ownership of a one-third interest therein and the right to one-third of the profits; the representations were made to induce plaintiff to pay defendants $10,000; plaintiff relied on the representations and paid defendants $10,000. Judgment was for plaintiff against defendants Warner and Oberdorf. Defendant Warner alone prosecutes this appeal.

Appellant's sole point is that he was a limited partner and therefore not liable for the representations of Oberdorf, the general partner.

The court in finding that at all pertinent times the defendants were "copartners," impliedly found they were general partners and that appellant was not a limited partner. In its conclusions of law, the court concluded "there was never any limited partnership existing between defendants Thomas W. Warner, Jr. and George S. Oberdorf in that there was no substantial compliance by either of said defendants in good faith with the requirements of subsection 1 of section 2478 of the Civil Code of the State of California." This is a mixed conclusion of law and finding of fact. The court further concluded that appellant expressly authorized Oberdorf to proceed with the negotiations and later ratified his acts. Under the circumstances of this case this is a misplaced finding of

ultimate fact. The court also concluded that appellant "is liable upon the additional ground that one partner is liable for the frauds committed by another partner in connection with partnership business."

The evidence amply supports the finding that there was no substantial compliance by either defendant in good faith with the requirements relative to the formation of a limited partnership. No complaint is made of any other findings. An abbreviation of appellant's surname appeared in the partnership name. Civil Code, Section 2481 (now Corp. Code, § 15505) at the times in question provided that "The surname of a limited partner shall not appear in the partnership name" with exceptions not shown to exist here. Appellant was an authorized cosigner of checks of the partnership. Civil Code, section 2483 (now Corp. Code, § 15507) provided that a limited partner should not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he took part in the control of the business. Appellant did not produce the original partnership agreement. He produced a signed carbon copy. He could not account for his failure to produce the original. Civil Code, section 2478 (now Corp. Code, § 15502) prescribed the manner of forming a limited partnership and provided in paragraph one that the persons forming the partnership sign and swear to certificates in duplicate, setting forth detailed information respecting the partnership, and that one of the certificates be filed in the clerk's office and the other in the recorder's office. No such certificate was ever filed in either office. Section 2478 further provided: "(2) A limited partnership is formed if there has been substantial compliance in good faith with the requirements of paragraph one of this section." In *Siebold* v. *Berdine*, 61 Cal.App. 158 [214 P. 655], it was held that a limited partner who had not complied with the provisions of the Civil Code relative to the formation of a limited partnership and limitation of his liability is liable in damages for the fraudulent sale of the partnership business although he took no part in the transaction and had no knowledge of the fraud, the court saying, p. 162: "[A] general partner's liability is the same as that of a principal for the fraud of his agent while acting within the scope of his authority, and this principle applies in cases involving fraud or misrepresentation by a partner in connection with the sale of the partnership property. (20 R.C.L., pp. 916, 917.)"

The evidence established that: appellant authorized

Oberdorf to conduct the negotiations for bringing plaintiff into the business; Oberdorf in carrying out the negotiations made false representations; appellant knew that Warn-Dorf Company was in a precarious financial condition but did not reveal the fact to plaintiff; and after defendants had obtained plaintiff's money, plaintiff was ousted from the partnership premises. Irrespective of whether appellant was a limited partner, the judgment is supported by the findings—which are not attacked—that appellant expressly authorized Oberdorf to proceed with the negotiations with plaintiff and that he later ratified his acts.

Affirmed.

Shinn, P. J., and Wood, J., concurred.

A petition for a rehearing was denied May 10, 1950, and appellant's petition for a hearing by the Supreme Court was denied June 12, 1950.