[Civ. No. 55301. Second Dist., Div. Five. Dec. 6, 1979.]

DEAN L. BROWN et al., Plaintiffs and Respondents, v.
LEONARD PANISH, as County Recorder, etc., et al.,
Defendants and Respondents;
LUKE L. CHENG et al., Real Parties in Interest
and Appellants.

COUNSEL

Michael S. Klein for Real Parties in Interest and Appellants.

Smith & Hilbig and Keith K. Hilbig for Plaintiffs and Respondents.

No appearance for Defendants and Respondents.

OPINION

ASHBY, J.—This is an action under Corporations Code section 15525, subdivisions (3) and (4), to compel the recordation of an amendment to the recorded certificate of the limited partnership known as Garden Grove Enterprise. Respondents Brown et al. are the majority of limited partners, who voted at a duly noticed meeting of the partnership June 1, 1977, to remove and replace the general partner, C & W Associates, Inc. Appellants Cheng et al. are the minority, who refused to execute an amendment to the certificate of limited partnership to reflect the action taken at the June 1 meeting. Respondents petitioned the trial court for an order directing recordation of the amendment, which the trial court granted.

Appellants asserted three defenses to the petition, which they reiterate here: (1) that the removal of the former general partner dissolved the partnership; (2) that respondents lacked standing to petition; and (3) that the election was void because during discussions which took place at the election meeting, respondents failed to disclose certain facts, which omission breached respondents' fiduciary duty toward appellants.

DISCUSSION

■ A limited partnership can exist only if a certificate of limited partnership is signed and recorded pursuant to Corporations Code section 15502. The purpose of this requirement is to give notice to the public of the limited liability assumed by the limited partners and of the pertinent terms of the partnership agreement. (*Tiburon Nat. Bank* v. *Wagner,* 265 Cal.App.2d 868, 874-875 [71 Cal.Rptr. 832]; Advising Cal. Partnerships (Cont.Ed.Bar 1975) § 1.4, pp.3-4.) The statute requires that at least the 15 designated items of information about the

limited partnership agreement be matters of public notice. (Corp. Code, § 15502; see Advising Cal. Partnerships, *supra,* at § 4.5, p. 132, § 4.79, p. 169.) For the continued protection of the public, the certificate must be amended when certain designated events occur or when necessary to make the certificate accurately reflect the agreement. (Corp. Code, § 15524.) The procedure for amending the certificate is set forth in Corporations Code section 15525, and that section also provides the remedy when one or more members of the partnership refuse to execute the amendment.

Corporations Code section 15525, subdivisions (3) and (4), provide: "(3) A person desiring the cancellation or amendment of a certificate, if any person designated in subdivisions (1) and (2) as a person who must execute the writing refuses to do so, may petition the superior court in the county where the principal place of the partnership is situated to direct a cancellation or amendment thereof.

"(4) If the court finds that the petitioner has a right to have the writing executed by a person who refuses to do so, it shall order the county recorder of the county in which the original certificate is recorded to record the cancellation or amendment of the certificate; and where the certificate is to be amended, the court shall also cause to be filed for record in said office a certified copy of its decree setting forth the amendment."

In this case an election was held at which the former general partner (a corporation owned by appellant Cheng) was removed as general partner and a new general partner (William J. Winter) was elected. That is a change which obviously should be reflected in the public record.

Appellants contend that neither the certificate nor the entire articles of agreement contain an express provision authorizing continuation of the partnership business by a new general partner upon the removal of the former general partner.[1] Appellants contend that

---

[1] Corporations Code section 15520 provides: "As to a partnership not governed by Section 15520.5 the following provisions shall apply: The retirement, death, insanity, removal or failure of reelection of a general partner dissolves the partnership, unless the business is continued by the remaining general partners and/or the general partner or general partners elected in place thereof [¶](a) Under a right so to do stated in the certificate, or [¶](b) With the consent of all members."

therefore the partnership was dissolved upon the removal of the former general partner. In its minute order stating its ruling, the trial court specifically provided, "This determination [directing the recordation of the amended certificate stating the results of the election] is without prejudice to the rights of any interested party to seek a Court order for cancellation and recordation." If appellants believed the election had the legal effect of causing a dissolution of the partnership, they should have brought an action for dissolution and an accounting. Such remedies are beyond the scope of a proceeding under Corporations Code section 15525, subdivisions (3) and (4), which should be a simple procedure to enable the public to have notice of important events in the partnership's history. With notice of the results of the election and of the pertinent terms of the partnership agreement, the members of the public can determine for themselves the potential legal effects of the election.

Appellants' allegations of breach of fiduciary duty are similarly beyond the scope of this proceeding.[2] Appellants cite no authority for the proposition that false or misleading statements made at the election meeting should void the election and prevent the recordation of an amendment notifying the public that the election took place.

Finally, appellants' contention that respondents lacked standing to petition is without merit.[3] The code does not impose the narrow standing requirement advocated by appellants. It authorizes the petition to be filed by "[a] person desiring the cancellation or amendment of a certificate..." (Corp. Code, § 15525, subd. (3).) Among the very reasons requiring amendment or cancellation of a certificate under Corporations Code section 15524 are events which cause a person to cease to be a partner, and it would be absurd to hold that such persons

---

[2]The reason for the election was a dispute about when, and to whom, the partnership's only asset, an apartment complex, should be sold. Apparently, a specific proposed transaction was discussed at the election meeting. Appellants contend that respondents failed to disclose during that discussion that their attorney had a personal financial interest in the transaction.

[3]Subsequent to the election the new general partner entered into a contract to sell the apartment complex to M. J. Choppin and J. P. Kinzer. Respondents executed documents purporting to ratify said contract and to "hereby assign my interest in the Partnership to Messrs. Choppin and Kinzer provided that I receive during the time reasonably necessary to complete the sale...my pro rata portion of the sales price...." Appellants contend that respondents, having made such assignment, no longer had any partnership interest and for that reason lacked standing. Respondents point out that the assignment was conditional only.

lack standing to petition the court to require that the public record reflect such events.

The order appealed from is affirmed.

Kaus, P. J., and Hastings, J., concurred.