956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GAMMA FARMS, a California General Partnership; Terry W.
Slaughter, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-16738.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1992.
Decided March 9, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court ruled that the IRS correctly treated Gamma Farms as a general rather than a limited partner in Toro Greenhouses for the years 1981 and 1982 because the partnership had failed to timely file a certificate of limited partnership as required by California law. Gamma and Slaughter challenge this determination based on the fact that, by the time the employment tax deficiency was discovered and assessed, the certificate had been properly filed.
 
 
 3
 For the years at issue here, California had in effect its version of the Uniform Limited Partnership Act, codified at Calif.Corp.Code §§ 15501-15533 (1991). Section 15502(1) establishes the legal formalities which must be observed to create a limited partnership, including "(b) Record [the Certificate of Limited Partnership] in the office of the recorder of the county in which the principal place of business of the partnership is situated." Section 15502(2) provides:
 
 
 4
 A limited partnership is formed if there has been substantial compliance with the requirements of [§ 15502(1) ].
 
 
 5
 Appellants claim that, although no Certificate was filed for much of the first two years of Toro's operation, it was, nevertheless, in "substantial compliance."
 
 
 6
 There is no question in this case that the appellants were innocent of any responsibility for the late filing. The government also concedes that the appellants gained no benefit from the absence of a filing. It is further undisputed that the government never relied on any assumption that Gamma Farms was a general as opposed to a limited partner. Indeed, the government had notice of the limited partner status before the government sought to impose any liability on any of the partners for the employment taxes owed.
 
 
 7
 There is no California case which would require us to impose liability in these circumstances. The government relies chiefly upon a case in which certificates were never filed and there was clearly bad faith on the part of the purported limited partner in order to contend that appellants are liable for obligations which may have accrued before the certificate was filed. See Tiburon Nat'l Bank v. Wagner, 265 Cal.App.2d 868, 71 Cal.Rptr. 832 (1968). Authority from other jurisdictions interpreting the same provisions of the Uniform Partnership Act supports the appellants. See, e.g., Fabry Partnership v. Christensen, 794 P.2d 719 (Nev.1990); Shindler v. Marr & Assoc., 695 S.W.2d 699 (Tex.App.1985). The California cases do not articulate any reason why the California Supreme Court would disagree with these cases.
 
 
 8
 The California legislature has now spoken and has enacted a provision which would prevent this situation from ever arising again. The provision expressly provides that a person who, in good faith, believes that he or she has become a limited partner is not liable for obligations which may have accrued to general partners before the certificate was filed if the limited partner takes action to correct the deficiency as soon as it is discovered. See California Revised Limited Partnership Act, Cal.Corp.Code §§ 15611-15723, at § 15633 (1991). Under this new law appellants would not have been required to act at all since the failure to file had already been rectified by the time they learned about it.
 
 
 9
 In view of this new provision, as well as of the tendency of some California courts under the prior law here applicable to emphasize the importance of good faith in conducting affairs pursuant to the California Uniform Limited Partnership Act, see, e.g., Russell v. Warner, 96 Cal.App.2d 986, 217 P.2d 43 (1950), and of the function of the certificate as providing notice to creditors, see, e.g., Brown v. Parish, 99 Ca.App.3d 429, 160 Cal.Rptr. 282 (1979), we conclude that the California Supreme Court would not hold a partner liable as a general partner under the circumstances of this case.
 
 
 10
 The judgment of the district court is REVERSED and the case is REMANDED with instructions to enter a refund judgment in favor of the appellants.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3